[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Background
The plaintiff, Tusia Magien Greif Yablon began a mortgage foreclosure action on June 4, 1999, against the various named defendants. A lis pendens had been filed as of 5/3/99. The defendants, including Mark Kolodny, disclosed defenses by a Disclosure of Defense dated 8/9/99, and filed 8/10/99. One of the defenses was that the mortgage deed in question was not properly witnessed when Myra Greif Kolodny a/k/a Miriam Greif, gave a mortgage to the plaintiff regarding 12 Laurel Lane, Greenwich, Connecticut.
The defendant Mark Kolodny, successor in interest to the property, later became the fiduciary of the Estate of Myra Greif Kolodny. Mr. Kolodny is also being sued as an individual. Codefendants are the Town of Greenwich, NatWest Home Mortgage Corp., Fleet Bank and Continental Mortgage Banking, Ltd.
By a pleading dated 12/12/01 and entitled Application for Discharge of an Invalid Lien, (#132), Mark Kolodny seeks a court order discharging the mortgage. The plaintiff has opposed this application. Briefs were filed by both sides, and arguments were heard by the court on 4/15/02.
Law
Connecticut General Statutes § 49-13 governs the discharge of mortgages and liens. There must be two witnesses to a mortgage. §47-5 (a) (4). C.G.S.
Discussion
CT Page 5444
Notice of a petition for discharge is governed by the statute in question § 49-13. Though the defendant referenced § 49-53, in its pleading, the court takes judicial notice of the applicability of §49-13 to the facts of this case. Additional listed defendants, NatWest Home Mortgage Corp., and Fleet Bank were defaulted for non-appearance on 3/14/00. There are no defaults of the remaining defendants which are all represented by counsel.
The court holds as a matter of law that per the certification of service of the Application to Discharge Lien to counsel who appeared for the plaintiff and the remaining defendants, that the service required by statute has been made. Section 8(b) of § 49-13 requires that the "petition shall be served upon all persons interested in the mortgage . . . in the manner provided by law for process in civil actions. . . ." It should be noted, no counsel for any remaining party has claimed the invalidity of the service regarding the Application. Therefore, any objection to mail service has been waived.
At first examination it would appear that the mortgage is invalid, because it failed to be witnessed properly as required by § 47-5 (a) (4), C.G.S.
There is case law which recognizes that there can be the curing of a defect in a mortgage where witness signatures are missing. But there must be a special act of the legislature curing the defect. Lupoli v. Lupoli,38 Conn. App. 635, cert. den. 235 Conn. 907 (1995).
The plaintiff claims that C.G.S. 47-36aa, the Validating Act, cures the defect in question. The effective date of the act was July 1, 2000. The Act which is prospective in nature allows defects to be corrected automatically by 7/1/00, "unless an action challenging the validity of that instrument is commenced and a notice of lis pendens is recorded in the land records . . . within two years after the instrument is recorded." The mortgage was recorded on August 5, 1997. The lis pendens was filed by the plaintiff on May 3, 1999. But no action challenging the validity of the mortgage was filed within two years of the recording of the mortgage. The first time such a challenging petition was made was by the filing of the Application for Discharge of Invalid Lien, filed December 12, 2001, more than two years after the mortgage was recorded.
But the issue of the invalidity of the mortgage had been raised by the defendant in its disclosure of defenses as of August 10, 1999, well before the effective date of § 47-36aa. The court takes notice of § 1-1 (u) C.G.S. which states: "The passage or repeal of an act shall not affect any action then pending." CT Page 5445
Section 55-3, C.G.S., also has applicability to this set of facts. The statute limits the effects of certain acts so as to not allow for the retrospective effect of a statute where "any new obligation" is imposed upon any person.
As of July 1, 2000, Section 47-36aa imposes the obligation of the filing of a notice of lis pendens and commencing an action to challenge the validity of a mortgage. After that date an aggrieved person cannot merely defend on the fact of the apparent invalidity of a mortgage. Prior to that date, one need only follow § 49-13 C.G.S. to challenge a mortgage.
The law in question can not be applied retroactively to validate the present claim of the plaintiff. This would be especially unfair since the current action was already pending and the defendant had already raised the defense of the mortgage's defect. The legislature did not intend such an unfair result. It should be noted that the fact that Public Act 99-238 (§ 47-36aa C.G.S.) was passed on June 28, 1999 but was not by its own terms deemed to be effective until July 1, 2000 is further evidence that the legislature did not intend the act to be given retroactive effect on pending actions. Therefore, § 47-36aa cannot be applied retroactively to effect the defendant's right in this pending action.
Conclusion
Proper notice and procedure have been followed per § 49-13 C.G.S. The mortgage is defective and invalid on its face and is discharged.
The defendant has conceded that the other issue, among others, regarding the defense of lack of consideration, requires a trial on the merits. Other pretrial remedies to secure a judgment are still available to the plaintiff.
So Ordered.
JOHN R. DOWNEY SUPERIOR COURT JUDGE